IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:24-CR-00067-MTT

WILLIAM CHARLES FRANKLIN,

**DEFENDANT'S MEMORANDUM OPPOSING GOVERNMENT'S REQUEST TO CHARGE THE JURY REGARDING INTENTIONAL SELECTION OF THE VICTIM BASED ON RACE**

**COMES NOW,** the Defendant, WILLIAM CHARLES FRANKLIN, by and through undersigned counsel, and respectfully submits this Memorandum in opposition to the Government's request for a jury instruction number 21 (ECF No. 54) regarding whether the Defendant "intentionally selected the victim as the object of the offense of conviction because of the actual or perceived race of any person." For the reasons stated below, the Government's request is improper and should be denied.

### I. INTRODUCTION

The Government seeks to instruct the jury on whether the Defendant intentionally targeted the alleged victim based on race. However, the charges in this case—**Obstruction of Mail (18 U.S.C. § 1701), Assault on a Federal Officer (18 U.S.C. § 111), Aggravated Assault on a Federal Officer (18 U.S.C. §**

111(b)), and Retaliation Against a Witness (18 U.S.C. § 1513(b)(2))—do not require proof of racial motivation as an element of the offense. As such, introducing this instruction would unfairly prejudice the Defendant and mislead the jury.

## II. LEGAL STANDARD

It is well established that jury instructions must relate only to the elements of the charged offense and must not introduce improper considerations.

1. **Elements of the Offense:** Federal law dictates that a jury should only consider the specific elements of the charged offense. See *United States v. Gaudin*, 515 U.S. 506, 514 (1995) (holding that a jury must find all elements of the offense beyond a reasonable doubt). None of the statutes under which Defendant is charged require racial motivation as an element.

2. **Sentencing Factors Are for the Court, Not the Jury:** Under **Apprendi v. New Jersey**, 530 U.S. 466 (2000), any fact that increases the statutory maximum penalty must be found by a jury beyond a reasonable doubt. However, sentencing enhancements, such as those under **U.S. Sentencing Guidelines §3A1.1(a)** (Hate Crime Motivation or Vulnerable Victim), are **determined by the judge at sentencing, not by the jury at trial**. See *United States v. Booker*, 543 U.S. 220, 244 (2005) (holding that

sentencing enhancements are within the judge's discretion so long as they do not exceed statutory limits).

3. **Potential Prejudice and Due Process Violation:** Courts have repeatedly ruled that allowing a jury to consider improper factors risks a conviction based on emotion rather than evidence. *Old Chief v. United States*, 519 U.S. 172 (1997), held that highly prejudicial evidence should be excluded when it offers little probative value beyond what is already established. Here, an instruction about racial motivation—when it is not an element of the crime—would improperly inflame the jury.

## III. ARGUMENT

### A. The Government's Requested Instruction Is Irrelevant to the Charges

- The charged offenses do not contain an element requiring proof of racial motivation.
- Jury instructions must only relate to the necessary elements required for conviction, not speculative or extraneous considerations.
- Allowing such an instruction would improperly shift the jury's focus from **whether the elements of the charged offenses were met** to **whether the Defendant harbored racial animus**, which is not relevant for a conviction under the current charges.

## B. Sentencing Enhancements for Bias Motivation Are a Judicial Determination

- Under **U.S.S.G. §3A1.1(a)**, if the Government believes racial bias should increase the sentence, it should make that argument at sentencing, not at trial.
- Sentencing enhancements are determined by the judge, not the jury, unless they increase the statutory maximum penalty (*Apprendi*, 530 U.S. at 490).
- The Government's request is an improper attempt to influence the jury's verdict by introducing an issue that is solely within the judge's discretion at sentencing.

## C. The Instruction Would Prejudice the Jury and Violate Due Process

- Allowing a jury charge on racial motivation when it is not an element of the offense would **create undue prejudice and distract from the actual elements the Government must prove**.
- The Supreme Court in *Old Chief*, 519 U.S. 172 (1997), warned against allowing prejudicial evidence that risks a conviction based on bias rather than legal elements.
- Introducing race as a jury question would risk **conviction based on emotions rather than the legal standard of proof beyond a reasonable doubt**.

**D. The Government could achieve the special finding required by U.S.S.G. § 3A1.1(a) by a tailored verdict form.**

- Rather than charging the jury as requested, the Government's proposed verdict form (ECF 53) could be tailored such, that if the defendant William Franklin is found guilty, then Government's Proposed Special Finding (ECF, P. 5) would be completed with the language adjusted as follows: "Do you find beyond a reasonable doubt that the Defendant selected any victim or property as the object of the offense of conviction because of actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person?"

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court **deny the Government's request for a jury instruction regarding whether the Defendant intentionally selected the victim because of race**. The instruction is improper because it:

1. **Is not relevant to the charged offenses;**
2. **Attempts to insert a sentencing enhancement issue into the guilt phase;** and

3. **Creates an undue risk of prejudice that could lead to a verdict based on emotion rather than law.**

Accordingly, Defendant requests that this Court **exclude, specifically Government's Request to Charge No. 21** any jury instructions related to racial motivation.

Respectfully submitted,
/s/ Carl S. Cansino
Attorney for Defendant
William Charles Franklin
Ga. Bar No. 108055
1501 N. Jefferson Street, NE
Milledgeville, Georgia 31061
478-451-3060
carl@cansinolaw.com

# CERTIFICATE OF SERVICE

I, CARL S. CANSINO, Attorney for William Franklin, hereby certify that I have filed the within and foregoing Defendant's Memorandum Opposing Government's Request to Charge the Jury Regarding Intentional Selection of the Victim Based on Race with the Clerk of Court using CM/ECF system which will send notification of such filing to all parties of record.

    Respectfully submitted,
/s/ Carl S. Cansino
Attorney for Defendant
William Charles Franklin
Ga. Bar No. 108055
1501 N. Jefferson Street, NE
Milledgeville, Georgia 31061
478-451-3060
carl@cansinolaw.com