IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) CASE NO. 5:24-CR-67 (MTT) ) |
| WILLIAM FRANKLIN, et al. | ) ) |
| Defendants. | ) ) ) |

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find a Defendant guilty beyond a reasonable doubt.

**1.**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against a Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. A Defendant does not have to prove his or

her innocence or produce any evidence at all. A Defendant does not have to testify, and you cannot consider in any way the fact that a Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find a Defendant not guilty.

## 2.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

**4.**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

**5.**

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after a person is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact that, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not a Defendant's conduct constituted flight or concealment is exclusively for you to determine. And if you determine that a Defendant's conduct constituted flight or concealment, whether or not that conduct showed a consciousness of guilt on that Defendant's part is also exclusively for you to determine.

If you find that there was flight or concealment, you should also consider there may be reasons for this conduct that are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime that you may be considering.

**6.**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

**7.**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. And you must consider the case of the Defendant separately and individually. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**8.**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**9.**

The indictment charges four separate crimes, called "counts," against Mr. Franklin. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

I will explain the law governing these substantive offenses in a moment.

**10.**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**11.**

Count One Charges that the Defendant William Charles Franklin committed the offense of obstruction of the mails on or about June 11, 2024.

It is a Federal crime to obstruct the mail. Mr. Franklin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

Mr. Franklin knowingly and willingly obstructed or retarded the passage of the mail or any carrier or conveyance carrying the mail.

**12.**

Count Two charges that Mr. Franklin committed the offense of forcibly assaulting or interfering with a federal officer on or about June 11, 2024.

It's a Federal crime to forcibly assault or interfere with a Federal officer while the officer is performing official duties.

Mr. Franklin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Mr. Franklin forcibly assaulted or interfered with the person described in the indictment;

(2) the person assaulted or interfered with was a Federal officer performing an official duty.

A forcible assault or forcible interference is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death.

A United States Postal Carrier of the United States Post Office is a Federal officer and has the official duty to deliver the mails. Whether Mr. Franklin knew at the time that the victim was a Federal officer carrying out an official duty does not matter.

**13.**

Count Three charges that Mr. Franklin committed the offense of forcibly assaulting or interfering with a federal officer using a deadly or dangerous weapon on or about December 3, 2024.

It's a Federal crime to forcibly assault or interfere with a Federal officer using a deadly or dangerous weapon while the officer is performing official duties.

Mr. Franklin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Mr. Franklin forcibly assaulted or forcibly interfered with the person described in the indictment;

(2) the person assaulted or interfered with was a Federal officer performing an official duty; and

(3) Mr. Franklin used a deadly or dangerous weapon.

A forcible assault or forcible interference is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death.

Again, United States Postal Carrier of the United States Post Office is a Federal officer and has the official duty to deliver the mails. Whether Mr. Franklin knew at the time that the victim was a Federal officer carrying out an official duty does not matter.

A "deadly or dangerous weapon" means any object that can cause death or present a danger of serious bodily injury.

To show that such a weapon was "used," the Government must prove that Mr. Franklin possessed the weapon and intentionally displayed it during the forcible assault.

Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out and the victim doesn't have to be injured.

**14.**

Count Four charges that Mr. Franklin committed the offense of retaliating against a witness on or about December 3, 2024.

It is a federal crime to retaliate against a witness, victim, or informant. For you to find Mr. Franklin guilty, the government must prove each of the following beyond a reasonable doubt:

(1) First, that Mr. Franklin knowingly engaged in conduct;

(2) Second, that Mr. Franklin's conduct caused damage to the tangible property of another person; and

(3) Third, that Mr. Franklin acted with the intent to retaliate against any person for any information relating to the commission or possible commission of a federal offense given by a person to a law enforcement officer.

15.

Georgia law provides that farm tractors or implements of husbandry may be operated on any highway in this state if the operator complies with laws relating to emblems displayed for slow moving vehicles. Whenever the width of a farm tractor or implement of husbandry exceeds the width of that portion of a roadway on which the farm tractor or implement of husbandry is driven, which is marked as a single lane of traffic, or, if the roadway has not been marked for lanes of traffic and the width of the farm tractor or implement of husbandry exceeds more than 50 percent of the width of the roadway, the operator shall move the farm tractor or implement of husbandry, as soon as possible, as far to the right-hand side of the roadway as is practicable and safe upon approach of an oncoming or following vehicle and upon approaching the crest of a hill.

Georgia law also provides that upon the immediate approach of a farm tractor or implement of husbandry which cannot be moved by the operator thereof to the far right-hand side of the roadway due to the existence of any bridge, guardrail, sign, or any other physical impediment which would not safely allow such tractor and implement of husbandry to travel on the far right-hand side of the road, the driver of every other vehicle shall yield the right-of-way and shall immediately pull over to the far right-hand-

side of the road and remain in such position until the farm tractor or implement of husbandry has passed.

Georgia law does not relieve the operator of a farm tractor or implement of husbandry from the duty to drive with due regard for the safety of all persons using the roadway.

**16.**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**17.**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.